**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sally Le, et al., | No. CV-22-00044-TUC-SHR (LAB) |
| Plaintiffs, | **Order Adopting R&R and Confirming Appraisal Award** |
| v. | |
| State Farm Fire and Casualty Company, | |
| Defendant. | |

On September 8, 2022, Magistrate Judge Leslie Bowman filed a Report and Recommendation ("R&R") recommending the Court grant Plaintiffs' Motion to Confirm Appraisal Award and deny Defendant's Motion to Vacate Award. (Doc. 46.) The Magistrate Judge informed the parties they had fourteen days to file objections to the R&R, and an additional fourteen days to respond. (*Id.* at 13.) Defendant State Farm Fire and Casualty Company ("State Farm") filed a timely objection (Doc. 49), and Plaintiffs filed a timely response (Doc. 50). For the following reasons, the Court adopts the R&R and confirms the appraisal award.

## I. Factual and Procedural History

In May 2020, Plaintiffs' property in Tucson, Arizona was damaged by a fire. (Doc. 1-3 ¶¶ 9–10). Plaintiffs reported the fire to their insurer, State Farm, which accepted coverage. (*Id.* ¶ 12.) State Farm's initial inspection valued the claim at approximately "$63,000 on an actual cash value basis." (*Id.* ¶ 13.) Plaintiffs hired Associated Adjustment Bureau, Inc. ("Associated"), which estimated the claim was worth "$171,092.33 on an

actual cash basis." (*Id.* ¶¶ 14–15.)

In December 2020, Plaintiffs asserted their right to an appraisal pursuant to a provision of their insurance policy (the "Policy"), which states:

> If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The Appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

(Doc. 1-3 ¶ 21; Doc. 11-1 at 83 (emphasis in original)). A three-person appraisal panel was formed consisting of Plaintiffs' appraiser, Defendant's appraiser, and a third-party neutral "umpire." (Doc 1-3 ¶ 21.)

On September 21, 2021, the appraisal panel issued an award assessing the "replacement cost" at $193,509.49 and the "actual cash value" at $177,398.90. (*Id.* ¶ 22; Doc. 11-1 at 91.) This award said: "We have appraised the above aforementioned property as pertaining to 'Scope and Pricing' only and without appraisal of 'Cause and Origin' or of 'Policy Coverage.'" (Doc. 11-1 at 91.) Plaintiffs questioned this statement because it appeared to ignore the purpose of the valuation, which was to determine the valuation of damage caused by the fire. (Doc. 11 at 4.) Plaintiffs' counsel contacted the panel and requested a modification of the language in the award. (*Id.*; Doc. 11-1 at 87-88.) State Farm opposed any modification. (Doc. 11-1 at 96.)

On December 2, 2021, Plaintiffs' appraiser responded to the Plaintiffs' counsel as follows: "We as a panel appraised the fire loss, and the associated value from the cause of loss (fire and smoke); we purposefully did not go into any other issues or problems and only valued items that were from this loss." (Doc. 11-1 at 95; Doc. 25 at 5.) Three weeks later, the appraisal panel issued a "Corrected Appraisal Award," which said: "We have appraised the above aforementioned property as pertaining to 'Scope and Pricing' without appraisal of 'Policy Coverage.' The Scope and Pricing determinations that follow include only those damages that we determined were caused by the fire loss at issue in this claim." (Doc. 11-1 at 2.)

When State Farm responded to the award, it submitted a revised estimate of a replacement cost value of $118,535.28 and an actual cash value of $93,302.05. (Doc. 1-3 ¶¶ 26-27.) State Farm then provided a supplemental payout of $27,767.99 in addition to the $63,300 it had already paid, but refused to pay the full award amount.[1] (Doc. 1-3 ¶¶ 19, 22–30; *but see* Doc. 25 at 21 (arguing $27,767.99 was too large and requesting "recoupment").)

Plaintiffs filed suit in Pima County Superior Court claiming State Farm breached "both the specific and implied terms of the Insurance Policy" and breached its duty of good faith and fair dealing by refusing to pay the full appraisal award and "adjusting the [Plaintiff's] Fire Claim by callously engaging in a course of unreasonable conduct." (Doc. 1-3 ¶¶ 37-52.) State Farm removed the action to this court. (Doc. 1.)

On February 23, 2022, Plaintiffs filed their pending motion to confirm the appraisal award pursuant to A.R.S. § 12-1511. (Doc. 11.) State Farm filed a combined response and motion to vacate award pursuant to A.R.S. § 12-1512. (Doc. 25.) After the motions were fully briefed, Magistrate Judge Bowman held a hearing and issued her R&R. (Docs. 45, 46.) State Farm objected to the R&R (Doc. 49) and requested oral argument (Doc. 51).[2]

---

[1] State Farm maintained the appraisal award included certain items that were not damaged by the fire and were not covered by the Policy. State Farm's supplemental payment addressed those items that appeared to be caused by the fire but for which the appraisal returned a higher loss value than State Farm's previous evaluation.

[2] State Farm requested oral argument after briefing was complete. (Doc. 51.) Plaintiffs oppose the oral argument request. (Doc. 52.) Defendant's oral argument request

## II. Report and Recommendation Standard of Review

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). It "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. Legal Standard

"A party seeking confirmation of an award shall file and serve an application therefor in the same manner in which complaints are filed and served in civil actions. Upon the expiration of twenty days from service of the application, which shall be made upon the party against whom the award has been made, the court shall enter judgment upon the award unless opposition is made in accordance with § 12-1512." A.R.S. § 12-1511. A party may oppose the award by filing a pleading in opposition. A.R.S. § 12-1512. "[U]pon an adequate showing in support thereof, the court shall decline to confirm and award and enter judgment thereon where" the "arbitrators exceeded their powers." A.R.S. § 12-1512(A)(3).

In Arizona, appraisal is treated as analogous to arbitration and the principles of arbitration law apply to appraisal disputes. *See Meineke v. Twin City Fire Ins. Co.*, 892 P.2d 1365, 1369 (Ariz. Ct. App. 1994). "Because Arizona's public policy favors arbitration to obtain a speedy and inexpensive disposition of a dispute, judicial review of an arbitration award is severely limited by statute." *See Atreus Cmtys. Grp. of Ariz. v. Stardust Dev., Inc.*, 277 P.3d 208, 211 (Ariz. Ct. App. 2012). "Generally, in the absence of fraud or mistake the action of an arbiter empowered by a contract or statute to construe and determine its conditions is final and conclusive upon the parties." *Park Imperial, Inc. v. E. L. Farmer Const. Co.*, 454 P.2d 181, 183–84 (Ariz. 1969). "If it were otherwise, the

was improper because it did not comply with the Local Rules of Civil Procedure. *See* LR Civ 7.2(f) ("Unless otherwise directed by the Court, a party desiring oral argument must request it by placing 'Oral Argument Requested' immediately below the title of a motion or the response to a motion."). In any event, the Court finds oral argument unnecessary because it will not aid in resolution of issues raised. *See id.* ("The Court may decide motions without oral argument."); Fed. R. Civ. P. 78; *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("[A] district court can decide the issue without oral argument if the parties can submit their papers to the court.").

- 4 -

ostensible purpose for resort to arbitration, i.e., avoidance of litigation, would be frustrated." *Id.* Accordingly, "the trial court [is] required to view the arbitration award in a light most favorable to upholding the said award . . . ." *Id.* "[A]n arbitration award is not subject to attack merely because one party believes that the arbitrators erred with respect to factual determinations or legal interpretations." *Hirt v. Hervey*, 578 P.2d 624, 626 (Ariz. Ct. App. 1978). "Apart from questions of fraud or corruption, the decisions of the arbitrators on questions of fact and of law are final and conclusive, except when they conflict with express guidelines or standards set forth or adopted in the arbitration agreement." *Id.* (internal quotation marks omitted). And the court will presume that arbitrators "decided only the matters submitted for arbitration unless the party seeking review carries the burden of showing otherwise." *Einhorn v. Valley Med. Specialists, P.C.*, 838 P.2d 1332, 1334 (Ariz. Ct. App. 1992).

## IV. Defendant's Objections

### A. Objection #1: Request for Published Finding

State Farm argues the Magistrate Judge "implicitly recognized the principle that causation is a coverage issue" by finding "State Farm could have prevented the panel from ever considering causation." (Doc. 49 at 3-4.) "State Farm respectfully requests this Court make that implicit finding into an explicit ruling that causation issues are coverage issues, and they can be withheld from an appraisal panel's authority." (*Id.* at 4.)

In response, Plaintiffs argue this is not a proper objection because it "simply requests a 'published order' from this Court" and it falsely rehashes the "contention that 'causation' in every context is a coverage issue that only courts can decide, and further, that it has the authority to unilaterally remove and/or withhold the issue of causation from an appraisal panel." (*Id.* at 3.)

State Farm misunderstands what the Magistrate Judge found. Magistrate Judge Bowman acknowledged the members of the appraisal panel could have been "specifically instructed to list all elements of damage regardless of their cause" but found this did not apply in this case because State Farm did not show the panel was instructed this way. (Doc.

46 at 9–11.) The Court agrees with the Magistrate Judge and declines State Farm's request for a published finding.

### B. Objection #2: Failure to Consider Material Fact & Panel's Authority

State Farm argues the Magistrate Judge "erred by finding the parties did not withhold causation from the appraisal panel's authority." (Doc. 49 at 4.) Specifically, State Farm argues the Magistrate Judge failed to consider a sentence from a January 14, 2021 letter purportedly limiting the scope of the appraisal. (*Id.* at 4–7.)

After Plaintiffs demanded an appraisal and named their appraiser, State Farm sent a letter choosing their appraiser, which contained the following language:

> As we understand it, appraisal is being demanded for coverages A and B. If this is not the case, please advise as soon as possible, or please provide a detailed list of areas/items in dispute so that we can proceed with the appraisal process as efficiently as possible. **The scope of the damages outlined in State Farm's estimate and loss payment will be covered damages for purposes of this appraisal.**
>
> …
>
> As we proceed, please be advised appraisal panels in Arizona do not have authority to make determinations on coverage issues. Thus, any issues you wish to raise regarding coverage for additional items outside the scope listed in this correspondence, cannot be addressed at appraisal. Hence, State Farm will insist upon an itemization of any amounts comprising the appraisal award in accordance with Arizona law. Any un-itemized award may prevent State Farm from determining the amount of additional payment due, if any, for covered damage.

(Doc. 26-1 at 101–102.) (emphasis added). According to State Farm, the bolded sentence above shows "the appraisers were authorized only to opine on the amount of damages caused by fire from among those things State Farm identified as fire damages in its pre-appraisal estimate." (Doc. 49 at 4–5.) State Farm argues the "parties agreed to limit the scope of appraisal to the damages identified in State Farm's pre-appraisal estimate" because Plaintiffs never "object[ed] to State Farm's limitation on the scope." (*Id.*) Alternatively, State Farm argues, "Even if the Court is not prepared to take Plaintiffs' non-

- 6 -

objection to State Farm's limitation as assent, at a minimum it is proof there was never a meeting of the minds about what scope the parties were submitting for appraisal, which is itself reason to decline to confirm the appraisal award, or alternatively vacate it." (*Id.*)

In response, Plaintiffs argue "[t]here is no carve out for the issue of causation" in the Policy, there is "no language that would allow State Farm to unilaterally withhold the issue of causation from the panel," and Plaintiffs never agreed to restrict the scope of the appraisal. (Doc. 50 at 3-4.) Plaintiffs further assert there is no language in the Policy restricting the issue of causation because "one cannot set the value of any claim without deciding what damages were actually caused by the insurable event." (*Id.*) Rather, Plaintiffs contend, the language of the Policy is "directly at odds with such a proposition" because the appraisal clause quoted above "simply and plainly instructs the 'competent, independent,' appraisers to 'set the value of the loss,'" and there was no modification to the appraisal clause. (*Id.* at 4-5.)

The Court agrees the R&R does not explicitly reference the sentence in the letter State Farm refers to and it is unclear whether Magistrate Judge Bowman considered it. Nevertheless, the Court finds no error because State Farm has not made an "adequate showing" as to why the Court should not confirm the appraisal award pursuant to A.R.S. § 12-1512. *See Atreus Communities*, 277 P.3d at 211. Viewed in the light most favorable to upholding the award, State Farm, at best, has shown it sent Plaintiffs a letter of its interpretation of what it thought the scope of the appraisal should be. *See Park Imperial*, 454 P.2d 18. First, State Farm does not point to any language in the Policy allowing State Farm to unilaterally restrict the scope of the appraisal or restricting the scope of the appraisal to only the items included in State Farm's pre-appraisal estimate. Second, State Farm points to no evidence of Plaintiffs agreeing to restrict the scope of the appraisal. To the extent State Farm argues its January 14, 2021 letter shows the parties agreed to such a restriction, the Court disagrees. There is no language in that letter showing Plaintiffs agreed to State Farm's scope of appraisal and the lack of an objection to that letter would

not constitute assent.³ Third, the Court notes State Farm's interpretation of the scope of appraisal is unreasonable because it would severely restrict the amount of damages these Plaintiffs could claim and would significantly benefit insurance companies in the future by allowing them to unilaterally restrict the scope of appraisals.

State Farm has not shown the panel was instructed to limit their appraisal of the "amount of loss" to only the items in State Farm's pre-appraisal estimate. It is undisputed that the focus of this appraisal is on damage caused by the fire. To preserve the right to litigate specific coverage issues, State Farm could have instructed the appraisal panel to list *all* items that could be potentially covered. *See 6700 Arrowhead Owners Ass'n v. State Farm Fire & Cas. Co.*, No. CV-12-1677-PHX-DGC, 2012 WL 5868969, at *3 (D. Ariz. Nov. 19, 2012) (finding insurance company can request an itemized appraisal of all of insured's alleged damages and litigate coverage issues after appraisal). However, as the Magistrate Judge correctly noted, State Farm has not shown it did so here. Instead, the record suggests the appraisal was conducted in accordance with the plain language of the Policy: State Farm and Plaintiffs each selected an appraiser, those two appraisers selected a third impartial "umpire," and two members of the panel issued an award to determine the amount of loss. That award also explicitly stated the decision was only based on fire damage (i.e. damages caused by the fire). Because State Farm has not met its burden of showing otherwise, the Court must presume the appraisal panel acted in a manner consistent with its instructions. *See Einhorn*, 838 P.2d at 1334. Therefore, State Farm has not made an adequate showing the appraisal panel exceeded their powers under A.R.S. § 12-1512(A)(3).

### C. Objection #3: Request for Published Order

State Farm argues the Magistrate Judge found pre-appraisal resolution of causation is preferred and "direct[ed] that the parties establish the parameters of the panel's authority

---

³State Farm cites no authority to support its argument that the language in its letter is sufficient to determine the scope of appraisal or for the proposition that lack of an objection in this context would constitute assent. Furthermore, the sentence State Farm relies on only states the items in the pre-appraisal estimate are covered damages; it does not limit the scope of the appraisal to consider other covered damages.

- 8 -

to decide causation before appraisal." (Doc. 49 at 9–10.) Therefore, State Farms asks this Court "to publish an opinion affirming that insurers have the right to defend, and if necessary, litigate their coverage defenses after the causation issue is ripe (i.e. after the insurer has taken a causation position on the specific, itemized damages presented by the insured) and before the appraisal panel convenes." (*Id.*)

Plaintiffs argue this objection is no different from the first one. (Doc. 50 at 5.) Specifically, Plaintiffs argue such a published order is unnecessary and the appraisal panel met its "charge and obligation under the appraisal clause" by "determin[ing] the value of the presented fire loss." (*Id.*)

Contrary to State Farm's assertion, the Magistrate Judge did not find pre-appraisal resolution of causation is preferred, nor did she direct the parties to establish the parameters of the panel's authority to decide causation before appraisal. For the same reasons as objection one, the Court denies State Farm's request for a published order.

Accordingly,

**IT IS ORDERED**:

(1) The Report and Recommendation (Doc. 46) is **ADOPTED**. Defendant's request for Oral Argument (Doc 51) is **DENIED**.

(2) Plaintiffs' Application to Confirm Appraisal Award (Doc. 11) is **GRANTED** and the December 24, 2021 Corrected Appraisal Award is confirmed.

(3) Defendant's Motion to Vacate Award (Doc. 25) is **DENIED**.

(4) The referral of this case to the magistrate judge be **WITHDRAWN**.

(5) Plaintiffs shall lodge an appropriate form of judgment consistent with A.R.S. § 12-1514 on or before **Friday, January 20, 2023.** Any request for attorneys' fees, costs, and/or statutory interest shall be made at the same time.

Dated this 27th day of December, 2022.

Honorable Scott H. Rash
United States District Judge