# EXHIBIT 4

Robert D. Ryan – 014639
*LAW OFFICES OF*
*ROBERT D. RYAN, P.L.C.*
343 W. Roosevelt Street, Suite 220
Phoenix, AZ  85003
(602) 256-2333
e-mail:  rob@robertdryan.com
*Attorney for Plaintiffs*

IN THE UNITED STATES  DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sally Le and Cuong Le, husband and wife,<br><br>        Plaintiffs,<br>    v.<br><br>State Farm Fire and Casualty Company, a foreign corporation, et al.,<br><br>        Defendants. | No.: CV-22-00044-TUC-SHR-(JR)<br><br>**PLAINTIFFS'** *FIRST SUPPLEMENTAL* **DISCLOSURE STATEMENT** |

Plaintiffs Sally Le and Cuong Le (hereinafter "[T]he Les"), by and through counsel undersigned and pursuant to Rule 26(a)(1) *and (2)* of the Federal Rules of Civil Procedure, hereby submit their *First Supplemental* disclosures to Defendant State Farm Fire and Casualty Company (hereinafter "State Farm") as follows. ***Additions to Plaintiffs' prior disclosures appear in italics and bold type.***

A.  **Individuals Likely to Have Discoverable Information That Plaintiffs May Use to Support Their Claims.**

   1.   Sally Le and Cuong Le
        C/O Undersigned Counsel

As Plaintiffs in this action, the Les have discoverable information regarding their rental property on E. Beverly Street, its rental history, the nature and extent of the subject fire, *the fair rental value of her property,* State Farm's adjustment of their insurance losses, and their resulting damages.

    2.    Daniel Townsend
          Associated Adjustment Bureau, Inc.
          7739 E. Broadway, Ste. 122
          Tucson, AZ 85710
          520-790-8000

    3.    John McDougall
          John K. McDougall, Inc.
          3875 S. Camino Sierra Pantano
          Tucson, AZ 85730
          520-529-7010

Messrs. Townsend and McDougall served as The Les' public adjusters and have discoverable information regarding their service in that capacity. Such information would entail communications that either had with the representatives of the Les, State Farm, and any other contractors, appraisers or representatives involved in the adjustment of the subject storm loss. *They are expected to testify as to all issues relative to the adjustment of the Les' fire loss, their assessment of damages caused by the fire, loss of rents associated with the claim, the fair rental value of the Les' property, the appraisal process and any interactions they had with State Farm relative thereto, etc.*

    4.    Sam Fernandez
          North Valuation Group
          411 Deinhard Ln., Ste. F182
          McCall, ID  83638
          208-250-3322
          208-315-5880

Mr. Fernandez was retained as an independent appraiser in relation to the valuation of the Les' fire loss. He has discoverable information regarding his participation in that

process, his assessment of damage, his charges for such services, his communications with all persons involved in the appraisal, and his interactions and communications with State Farm's appraiser and the appraisal umpire.

    5.    Adam Selene
           Resolution Claims LLC
           12880 E. Mercer Ln.
           Scottsdale, AZ  85259
           480-620-6560

Mr. Selene was retained as an independent appraiser by State Farm in relation to the valuation of The Les' storm loss.  He has discoverable information regarding his participation in that process, his assessment of damage, his charges for such services, his communications with all persons involved in the appraisal, and his interactions and communications with the Les' appraiser and the appraisal umpire.

    6.    Amy Lieberman
           Insight Employment Mediation
           8149 N. 87th Place
           Scottsdale, AZ 85258
           480-246-3366

Third-party neutral and lawyer Amy Lieberman was selected to serve as the parties' disinterested appraisal umpire in relation to the valuation of the Les' fire loss.  She has discoverable information regarding her participation in that role, the assessment of damages caused by the subject fire, her charge for such services, communications with all persons involved in the appraisal, and her interactions and communications with the other panel appraisers.

    7.    Jennifer Boldi
           Resnick & Louis, PC
           8111 E. Indian Bend Rd.

      Scottsdale, AZ  85250
      602-456-7647

Ms. Boldi served as State Farm's coverage counsel in relation to the Les' fire claim. She has discoverable information regarding her participation in that role and all communications she had with the Les' representatives and State Farm.

  8. Ken Van Karsen and/or Persons Most Knowledgeable
    City of Tucson Planning and Building Dept.
    PDSD-Residential@tucsonaz.gov
    520-837-4912
    Adams & Wendt

Mr. Van Karsen and/or other persons mist knowledgeable at the City of Tucson Building Department may have discoverable information relating to the permitting process associated with the Les' fire loss and/or its interactions with the Les, their representatives, and/or the representatives of State Farm.

The following representatives of State Farm:

  9. John Peard
  10. Chris Keegan
  ***11. Benjamin Tonner***
  ***12. Kevin Evans***
    c/o Defendant's Counsel

The foregoing individuals from State Farm were involved in the adjustment of the subject insurance claims and have discoverable information in relation thereto.

  ***13. Sarah Jordan***
    ***State Farm Claims Section Manager***

***Ms. Jordan has discoverable information relative to the policy that State Farm had to hire legal counsel upon any demand for appraisal in Arizona homeowners' claims, as affirmed by Benjamin Tonner in his deposition testimony.***

14. Persons most knowledgeable at State Farm relative to the following issues:

- The process of handling a demand for appraisal under an Arizona homeowners' policy;
- The retention of legal counsel upon a homeowners' demand for appraisal;
- The policy to challenge Arizona appraisal awards on the basis that an

15. *Plaintiff may also call any witness necessary to provide foundation as to any piece of documentary evidence listed or referenced herein or introduced at trial or otherwise.*

Plaintiffs reserve the right to disclose and/or call as witnesses those persons properly disclosed by Defendant and any other persons with discoverable information learned in the course of ongoing discovery.

**Rule 26(a)(2) Disclosure of Expert Testimony:**

16. Joseph Watkins
1661 N. Swan, Ste. 250
Tucson, AZ  85712
520-882-9115
joewlaw2@gmail.com

*Mr. Watkins was retained to offer expert testimony relative to State Farm's claims handling of the Les' fire loss and further testify regarding State Farm's pattern of practice relative to way it adjusts appraisal awards in violation of acceptable standards of care and governing law both in this case and other cases in Arizona. His affidavit and written report were provided to State Farm's counsel on April 3, 2023, and are also attached hereto.*

5

**B.     Description by Category of Documents Plaintiffs May Use to Support Their Claims.**

1. A certified copy of Plaintiffs' insurance policy with State Farm, denoted as Policy No. 93CGQ9524. (Within Defendant's possession and control).

2. State Farm's entire claims file relevant to Plaintiffs' insurance claims at issue in this litigation. (Within Defendant's possession and control.)

3. The complete copy of State Farm's underwriting and reserve files relating to Plaintiffs' subject insurance claims. (Within Defendant's possession and control.)

4. File retained by Plaintiffs and their public adjusters relevant to the insurance claims at issue. (Bates numbered documents: "S LE 00001-00886", submitted via a DropBox file share.)

5. State Farm's Annual Reports concerning its financial condition filed with the Arizona Department of Insurance for the years 2020 up until the time of trial.

6. Plaintiffs may also introduce as a trial exhibit any document properly disclosed by State Farm in this case.

7. *File documents relative to the following claims adjusted by State Farm that support a pattern of practice in the bad faith adjustment of appraisal awards similar to that experienced by the Les:*

- *Larson v. State Farm*
- *Garroll White and Jessica Titius v. State Farm*
- *Hanns v State Farm*
- *Mateus v. State Farm*
- *Mitchell/Anctil v. State Farm*
- *Nelson v. State Farm*
- *Flesher v. State Farm*

- *Heartland v. State Farm*
- *Four Brothers v. State Farm*
- *Daughtery v. State Farm*

*Such claims are referenced in Mr. Watkins' expert reporting, and documents associated with each such claim is attached hereto, submitted via a DropBox share invitation.*

8. **Rental estimate relative to 6193 E. Beverly Street property. (Attached hereto.)**

9. **State Farm appraisal guidelines. (Attached hereto.)**

10. **State Farm's motion to confirm appraisal award filed in Jasem v. State Farm, Arizona US District Court, cause no. 06-595-PHX-DGC. (Attached hereto.)**

11. All documents disclosed by any person or entity in response to any discovery requests, including subpoena duces tecum responses, answers to uniform and/or non-uniform interrogatories, supplemental responses, and supplemental answers to interrogatories.

12. Copies of all deposition transcripts including exhibits.

13. Copies of any statements, written or recorded, made by any party in regard to this matter.

Plaintiffs reserve the right to disclose and introduce into evidence any additional documents revealed in the course of ongoing discovery.

**C.    Computation of Each Category of Plaintiffs' Damages.**

Plaintiffs' damages include the amount of the December 24, 2021, Appraisal Award that State Farm refused to pay, fees paid to their public adjusters, fees and costs paid to their appraiser, costs of the appraisal, other attendant financial damages, damages for loss of rents, and general damages for Plaintiffs' aggravation and suffering caused by State Farm's insurance bad faith. Plaintiffs are also entitled to statutory interest relevant to the delayed

and non-payment of the subject insurance loss, and attorneys' fees for both the bad faith and breach of contract causes of action. State Farm's conduct at issue in these proceedings also entitles Plaintiffs to an award of exemplary/punitive damages in an amount to be determined at trial.

Such damages are calculated, in part and at present, in the following table:

| *ITEM* | *SOURCE/DESCRIPTION* | *DAMAGE AMOUNT* |
|---|---|---|
| *Non-Payment of Dwelling Appraisal Award* | *Damages as confirmed by this Court's affirmation of Plaintiffs' appraisal award.*<br><br>*Dwelling Loss/Coverage A:  $84,096.85.* | *$84,096.85* |
| *Depreciation Holdback* | *Plaintiffs are entitled to recovery the amount State Farm withheld in depreciation from the RCV of the appraisal award.* | *$16,110.59* |
| *Loss of Use* | *State Farm has not paid one dime of lost rent benefits available under the terms of the Les' insurance policy.  It owes both the one-year durational limit of those benefits under the policy and reasonable lost rent from the date of loss.*<br><br>*The fair rental value of Plaintiffs' property is conservatively estimated at $2,000 per month.  Plaintiffs did not get their rental repaired and ready for rent until January 2023.  They are thus entitled to fair rental value for their property per month from May 2020 to January 2023 or a period of 31 months.  Such damages are thus estimated at $62,000.* | *$62,000.00 (At Present)* |
| *Statutory Interest* | *The Les are entitled to statutory interest pursuant to A.R.S. §20-462, calculated at 10%, on the policy benefits State Farm has wrongfully* | |

| | | |
|---|---|---|
| | *withheld and refused to pay.* | |
| | *Ten percent interest on the $24,000 lost rent claim under the policy from the date of loss through the first year of the claim, equals owed interest of:  $2,400.00.* | *$2,400.00* |
| | *Ten percent continuing interest on the $84,096.85 unpaid and confirmed appraisal ACV loss on the building from the date of loss to the present, or 36 months from the date of this supplemental disclosure.  That interest equals $25,228.80.* | *$25,228.80* |
| ***Public Adjuster Fees*** | | *$23,254.23* |
| ***Appraiser Fees & Costs*** | *Appraiser Sam Fernandez:       $5,064.82*<br>*Umpire Amy Lieberman Fee:   $3,000.00* | *$8,064.82* |
| ***General Tort Damages For State Farm's Bad Faith*** | *To be determined by the jury.* | |
| ***Punitive Damages*** | *To be determined by the jury.* | |
| ***Current Attorneys' Fees*** | *The Les is entitled to attorneys' fees pursuant to A.R.S. §12-341.01 and other case precedent in Arizona concerning breach of contract and insurance bad faith actions.*<br><br>*As of the affirmation of Plaintiffs' appraisal award, their attorneys' fees of 40%, as applied to the Coverage A appraisal award equals $33,638.00.* | *$33,638.00* |

| | | |
|---|---|---|
| | *Plaintiffs' are also entitled to additional attorneys' fees relating to other recoveries obtained in the litigation.* | |
| **TOTAL** | **PENDING** | **PENDING** |

Plaintiffs reserve the right to supplement and/or modify the foregoing damage calculations as additional information is obtained in the discovery process.

**D.     Relevant Insurance Agreements.**

Plaintiffs' insurance policy with State Farm, denoted as policy no. 93CGQ9524.

DATED this 19th day of April 2023.

*LAW OFFICES OF ROBERT D. RYAN,* P.L.C.

By: _____
343 W. Roosevelt Street, Suite 220
Phoenix, AZ  85003
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

On April 19, 2023, I served by way of email these initial disclosures to the following individuals and filed a corresponding Notice of Service of the same with the Clerk's Office using the CM/ECF System:

Tyler M. Abrahams   tma@bowwlaw.com
BROENING OBERG WOODS & WILSON
2800 N. Central Avenue, Suite 1600
Phoenix, AZ  85004
*Attorneys for State Farm Fire and Casualty Company*

By:  */s/ Pauline Rubio*