**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Sally Le and Cuong Le, husband and wife,

           Plaintiffs,

v.

State Farm Fire and Casualty Company, a foreign corporation, et al.,

           Defendants.

 

CV 22-00044-TUC-SHR (MAA)

**REPORT AND RECOMMENDATION**

Pending before the court is the plaintiffs' motion for partial summary judgment filed on September 7, 2023.  (Doc. 101.)  The defendants have not filed a response.  *See* LRCiv 7.2(i).

The case has been referred to Magistrate Judge Ambri for report and recommendation pursuant to the Local Rules of Practice.  LRCiv 72.1;  (Doc. 82.)

The motion should be granted.  More than 60 days have passed since this court affirmed the appraisal award, and State Farm has not paid the balance as required by the insurance contract.  (Doc. 101, p. 5.)  There is no genuine issue of material fact, and the plaintiffs are entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).

Background

Sally Le owns a rental property on E. Beverly Street in Tucson, Arizona.  (Doc. 102, p. 1, Plaintiffs' Statement of Facts.)[1]  The property was damaged by fire sometime during the first

---

[1]  Where the non-movant "fails to properly address another party's assertion of fact as required by Rule 56(c)," the court may consider the facts presented by the movant as "undisputed for the purposes of the motion."  Fed.R.Civ.P. 56(e)(2).

1    week of May, 2020.  (Doc. 102, p. 2.)  Mrs. Le reported the fire to her insurer, State Farm.  *Id.*

2    Mrs. Le then hired a public insurance adjuster, Associated Adjustment Bureau ("Associated").

3    *Id.*  Associated estimated the fire damage at $182,608.42 on a replacement cost value basis.  *Id.*

4         State Farm was unwilling to pay the loss amount submitted by Associated, so the Les

5    asserted their right to an appraisal pursuant to the terms of the insurance policy.  (Doc. 102, pp.

6    2-3.)  On or about September 21, 2021, the appraisal panel issued an award that assessed the

7    replacement cost value damages at $193,509.49 and the actual cash value damages at

8    $177,398.90.  (Doc. 102, p. 3.)  On or about December 24, 2021, the appraisal panel issued a

9    "Corrected Appraisal Award" clarifying the scope of the panel's award.  *Id.*  State Farm

10   objected to the size of the panel's award but paid the Les a supplemental sum of $27,767.99.

11   (Doc. 102, p. 4.)

12        On December 27, 2021, The Les filed suit in Pima County Superior Court against State

13   Farm claiming breach of contract and breach of the duty of good faith.  (Doc. 102, p. 4.)  The

14   breach of contract claim includes a claim that State Farm breached the insurance contract by

15   failing to pay the full value of the appraisal award.  (Doc. 102, p. 4.)  On January 26, 2022, State

16   Farm removed the action to this court.  (Doc. 1.)  On February 23, 2022, the Les filed a motion

17   to confirm the appraisal award pursuant to A.R.S. § 12-1511.  (Doc. 11.) On April 1, 2022, State

18   Farm filed a combined response and motion to vacate the appraisal award pursuant to A.R.S.

19   § 12-1512.  (Doc. 25.)

20        On December 27, 2022, this court confirmed the Corrected Appraisal Award issued on

21   December 24, 2021.  (Doc. 56.)  In a subsequent filing, State Farm asserted that "the balance

22   owed [from the appraisal award] is $84,096.85, not $86,401.85 as Plaintiff claims."  (Doc. 102,

23   p. 5; Doc. 63, pp. 1-2.)

24        The plaintiffs filed the pending motion for partial summary judgment on September 8,

25   2023.  (Doc. 101.)  They argue that the defendant, State Farm, is in breach of the residential

26   insurance contract, which specifies that payment of an appraisal award must be made 60 days

27   from the date "there is a filing of an appraisal award with us."  (Doc. 101, p. 5.)

28                                              - 2 -

1

2      <u>Summary Judgment</u>

3          Summary judgment is available only "if the movant shows that there is no genuine

4   dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.

5   R. Civ. P. 56(a).  There is a genuine dispute "if the evidence is such that a reasonable jury could

6   return a verdict for the non[-]moving party."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242,

7   248, 106 S.Ct. 2505, 2510 (1986).

8          The initial burden rests on the moving party to point out the absence of any genuine issue

9   of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

10  "Where the moving party will have the burden of proof on an issue at trial, the movant must

11  affirmatively demonstrate that no reasonable trier of fact could find other than for the moving

12  party."  *Soremekun v. Thrifty Payless, Inc.*,  509 F.3d 978, 984 (9th Cir. 2007). "Where the

13  non-moving party bears the burden of proof at trial, the moving party need only prove that there

14  is an absence of evidence to support the non-moving party's case."  *In re Oracle Corp.*

15  *Securities Litigation*,  627 F.3d 376, 387 (9th Cir. 2010).

16         Once initially satisfied, the burden shifts to the non-movant to demonstrate through the

17  production of probative evidence that an issue of fact remains to be tried.  *Celotex Corp.,* 477

18  U.S. at 324, 106 S.Ct. at 2553.  "If a reasonable jury viewing the summary judgment record

19  could find by a preponderance of the evidence that [the non-movant is] entitled to a verdict in

20  [its] favor, then summary judgment [is] inappropriate; conversely, if a reasonable jury could not

21  find [for the non-movant], then summary judgment [is] correct."  *Cornwell v. Electra Cent.*

22  *Credit Union*, 439 F.3d 1018, 1027-28 (9th Cir. 2006).

23         "In judging evidence at the summary judgment stage, the court does not make credibility

24  determinations or weigh conflicting evidence."  *Soremekun v. Thrifty Payless, Inc.*,  509 F.3d

25  978, 984 (9th Cir. 2007).  "Rather, it draws all inferences in the light most favorable to the non[-

26  ]moving party."  *Id*.

27

28                                                   - 3 -

1    "Summary judgment is particularly appropriate to resolve questions of insurance

2    coverage, since the interpretation of a written contract is a matter of law to be determined by

3    the court." *757BD LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 330 F. Supp. 3d 1143,

4    1148 (D. Ariz. 2018), *aff'd*, 804 F. App'x 592 (9th Cir. 2020).

5

6    <u>Insurance Policy Interpretation</u>

7    "[T]he tenets of insurance policy contractual interpretation are well-established." *Nat'l*

8    *Fire Ins. Co. of Hartford v. James River Ins.*, 162 F. Supp. 3d 898, 903–04 (D. Ariz. 2016),

9    *clarified on denial of reconsideration*, 2016 WL 2606984 (D. Ariz. 2016). "An insurance

10   policy must be read as a whole, so as to give a reasonable and harmonious effect to all of its

11   provisions." *Id.* "The Court must construe the written terms of the policy to effectuate the

12   parties' intent, and to protect the reasonable expectations of the insured . . . ." *Id.* "[T]he

13   [p]olicy's language must be viewed from the standpoint of the average layman who is untrained

14   in the law or the field of insurance." *Id.* "Where the language of the policy is clear, the Court

15   shall afford it its plain and ordinary meaning and apply it as written." *Id.* "[C]ourts construe

16   a clause subject to different interpretations by examining the language of the clause, public

17   policy considerations, and the purpose of the transaction as a whole." *Id.*

18

19   <u>Analysis: Breach of Contract</u>

20   The Les assert that State Farm has breached that part of the insurance policy that requires

21   payment 60 days from the filing of an appraisal award. The policy reads in pertinent part as

22   follows:

23   **Loss Payment**. We will adjust all losses with you. We will pay you unless some
     other person is named in the policy or is legally entitled to receive payment. Loss
24   will be payable 60 days after we receive your proof of loss and:

25   a. reach agreement with you;
     b. there is an entry of a final judgment; or
26   c. *there is a filing of an appraisal award with us.*

27   (Doc. 102, p. 5, emphasis added.)

28
                                    - 4 -

1    The appraisal award was confirmed by this court on December 27, 2022.  (Doc. 102, p.

2    4.)  State Farm acknowledged that the balance still outstanding on the award is $84,096.85.

3    (Doc. 102, p. 5.)  Sixty days have since past, and State Farm has not paid the balance owed as

4    required by the insurance contract.  *Id.*; *see also Bennett v. Homesite Ins. Co*., 636 F. Supp. 3d

5    1267, 1272 (W.D. Wash. 2022)  ("The Court agrees with the Bennetts that the plain meaning

6    of the operative provision ["loss will be payable"] requires payment to be made within 30 days

7    of the underlying prerequisites being met.").

8    There "is no genuine dispute as to any material fact" and "the movant is entitled to

9    judgment as a matter of law." Fed. R. Civ. P. 56(a);  *see, e.g*., *Bennett v. Homesite Ins. Co*., 636

10   F. Supp. 3d 1267, 1272 (W.D. Wash. 2022)  ("[T]he Court agrees with the Bennetts that

11   Homesite breached the policy by not making payment within 30 days of the appraisal award.").

12   RECOMMENDATION

13   The Magistrate Judge recommends that the District Court, after its independent review

14   of the record, enter an order

15   GRANTING the plaintiffs' motion for partial summary judgment on the plaintiffs'

16   breach of contract claim.  (Doc. 101.)

17   Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within

18   14 days of being served with a copy of this report and recommendation.    If objections are not

19   timely filed, the party's right to de novo review may be waived.  The Local Rules permit the

20   filing of a response to an objection.  They do not permit the filing of a reply to a response

21   without the permission of the District Court.

22   DATED this 13th day of November, 2023.

23

24

25

26

27   Honorable Michael A. Ambri
     United States Magistrate Judge

28

- 5 -